McBRIDE, Judge.
Plaintiff, whose 1958 Pontiac automobile which was parked adjacent to the river-side curb on North Galve2: Street on July 4, 1964, at 9:00 p. m., was run into by an automobile driven by one Miles, allegedly causing damages of $852 to plaintiff.
Plaintiff brings this suit to recover his damages against Miles and the New Orleans Public Service, Inc., in solido. The *362 petition alleges that the Miles’ car had been struck in the rear by an automobile driven by a person named Garner because a bus of the New Orleans Public Service, Inc., had rammed into the rear of the Garner vehicle sending it crashing into the Miles car, the impact propelling the latter into plaintiff’s car. Various acts of negligence are alleged against Miles and the employee of the other defendant.
Garner was not impleaded as a defendant nor was he summoned by any one as a witness. After a trial on the merits there was judgment in favor of defendants dismissing the suit and plaintiff has appealed.
Where the property of an innocent party is damaged as the result of an accident between other automobiles, the owners and operators of which are made solidary defendants, the burden of proof is upon each defendant to exculpate himself from negligence, and each must be deemed guilty of negligence per se in the absence of any showing to the contrary. Insurance Co. of North America v. Gore, La.App., 106 So.2d 471.
The only evidence as to the details of the accident emanates from Miles and the driver of the bus. Their statements convince us that the Garner automobile, which was the .second in a line of three vehicles, struck Miles’ car which was in the lead and which was stopped to await the forward movement of traffic ahead, with the result that the Miles’ car was knocked out of control and ran into plaintiff’s parked vehicle. There is absolutely nothing indicating that Miles was guilty of any fault.
Nor can we perceive any negligence on the part of the operator of the bus. His- testimony makes it clear that his bus did not strike the rear of the Garner automobile until an appreciable interval after that vehicle contacted the Miles’ automobile and had sent it onward down the street. In other words, the collision between the New Orleans Public Service bus and the Garner automobile occurred after there had already been a collision between Garner's car and the Miles’ vehicle. Defendants have absolved themselves from fault.
The judgment appealed from is affirmed.
Affirmed.